2026 IL App (1st) 230933-U

No. 1-23-0933

Order filed April 23, 2026

FOURTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 9435 |
| | ) | |
| DAVONTE SLEDGE, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss this appeal for lack of jurisdiction because defendant's *pro se* motion for leave to file a late notice of appeal was untimely.

¶ 2    Defendant-appellant, Davonte Sledge, appeals from the circuit court's denial of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). On appeal, he contends that the circuit court erred in denying him relief because the statute under which he was convicted violates the second amendment under

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He further contends that he was denied due process when the court did not give him an opportunity to respond to the State's oral motion to dismiss. We dismiss for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4     On October 18, 2017, in exchange for a five-year prison term, Mr. Sledge entered a plea of guilty to one count of aggravated unlawful use of a weapon (AUUW) in that he possessed an uncased, unloaded, and immediately accessible firearm and had not been issued a currently valid license under the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.* (West 2016)). See 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2016). Mr. Sledge did not file a motion to withdraw the plea or a direct appeal.

¶ 5     On January 18, 2023, Mr. Sledge filed a *pro se* "Motion to Vacate Conviction and Render Judgment Void" under section 2-1401(f) in the circuit court. Relying on *People v. Aguilar*, 2013 IL 112116, he argued that his AUUW conviction was facially void.

¶ 6     On January 27, 2023, the trial court held a hearing on Mr. Sledge's motion. The State told the court the AUUW charge to which he pleaded guilty did not fall under *Aguilar* because it alleged that he possessed an uncased, loaded, and immediately accessible firearm without a "currently-issued" concealed carry license. The circuit court denied Mr. Sledge's motion. On March 3, 2023, he filed a *pro se* notice of appeal in the circuit court, which noted that the notice was filed late.

¶ 7     On May 23, 2023, Mr. Sledge filed a *pro se* motion for leave to file a late notice of appeal in this court. In an attached proof of service, he certified pursuant to section 1-109 of the Code (735 ILCS 5/1-109 (West 2022)) that he placed the motion in the mail at his correctional institution on April 20, 2023. On May 30, 2023, we granted Mr. Sledge leave to file a late notice of appeal.

¶ 8                                    ANALYSIS

¶ 9    On appeal, Mr. Sledge contends that the circuit court erred in denying his section 2-1401 petition for relief from judgment because his conviction for AUUW violates the second amendment under *Bruen* and must therefore be vacated. He further contends that this cause must be remanded for further proceedings because he was denied due process when the court ruled on the State's oral motion to dismiss without first allowing him the opportunity to respond.

¶ 10    Before reaching the merits of Mr. Sledge's contentions on appeal, this court has an independent duty to consider its jurisdiction. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The filing of a notice of appeal is the jurisdictional step initiating appellate review and, unless there is a properly filed notice of appeal, this court has no jurisdiction over an appeal and must dismiss it. *Id*.

¶ 11    In the case at bar, because Mr. Sledge filed a petition for relief from judgment, Illinois Supreme Court Rule 303 regarding civil appeals governs. Ill. S. Ct. R. 303 (eff. July 1, 2017); see also *People v. Vincent*, 226 Ill. 2d 1, 8 (2007) ("proceedings under section 2-1401 are subject to the usual rules of civil practice"). Pursuant to Rule 303, a defendant must file an appeal within 30 days of judgment, but this court may permit a late notice of appeal if that notice is filed "within 30 days after expiration of the time for filing a notice of appeal." Ill. S. Ct. R. 303(a), (d) (eff. July 1, 2017).

¶ 12    Here, Mr. Sledge appeals the circuit court's January 27, 2023, order denying his section 2-1401 petition. Because he did not file a postjudgment motion, the last day to file a timely notice of appeal pursuant to Rule 303(a) was Monday, February 27, 2023, 30 days after the denial. See 5 ILCS 70/1.11 (West 2022) (excluding weekend days from computations of time). Mr. Sledge's *pro se* notice of appeal, filed in the circuit court on March 3, 2023, was untimely.

¶ 13    Pursuant to Rule 303(d), defendant had 30 days from February 27, 2023, to file a timely motion for leave to file a late notice of appeal in this court. Thus, the last day he could file a timely motion for leave to file a late notice of appeal in this court under Rule 303(d) was March 29, 2023. Mr. Sledge's motion for leave to file a late notice of appeal, filed in this court on May 23, 2023, was untimely.

¶ 14    "A notice of appeal is considered filed when it is received by the clerk except, as in this case, when a notice of appeal is received by the clerk after the due date." *People v. English*, 2023 IL 128077, ¶ 36 (citing Ill. S. Ct. R. 373 (eff. July 1, 2017)). In those cases, the " 'time of mailing' is the 'time of filing.' " *Id.* To establish the " 'time of mailing,' " an incarcerated *pro se* litigant must submit a certification pursuant to section 1-109 of the Code stating, relevant here, the time and place that the motion for leave to file a late notice of appeal was deposited in the mail. *Id.*

¶ 15    Even applying Rule 373 to this case, however, Mr. Sledge's *pro se* motion for leave to file a late notice appeal was still untimely as the proof of service reveals that he placed his *pro se* motion for leave to file a late notice of appeal in the mail at his correctional institution on April 20, 2023, which was still beyond the 30-day extension of time permitted by Rule 303(d). Therefore, we lack jurisdiction to consider this appeal, and the order permitting the late notice of appeal was improvidently granted. See *People v. Lyles*, 217 Ill. 2d 210, 220 (2005) ("the appellate court must enforce the [supreme court] rules as written").

¶ 16                                    CONCLUSION

¶ 17    For the reasons set forth above, we vacate our order of May 30, 2023, granting Mr. Sledge leave to file a late notice of appeal, and dismiss the appeal.

¶ 18    Appeal dismissed.